MEMORANDUM *
Narayan Chhetri, a native and citizen of Nepal, petitions for review of a decision of the Board of Immigration Appeals affirming the immigration judge’s denial of Chhetri’s applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] Chhetri contests only the BIA’s denial of withholding of removal and CAT protection, not its rejection of his untimely asylum application. We grant in part and deny in part the petition for review.
We grant Chhetri’s petition on his withholding of removal claim. We first note that, although the IJ never explicitly found that Chhetri had or had not suffered past persecution, her discussion of internal relocation leads us to believe that she assumed Chhetri had made such a showing. Accordingly, we also will assume, for the purposes of this appeal only, that Chhetri demonstrated past persecution. Once an applicant shows past persecution, he is presumed eligible for withholding of removal. Hanna v. Keisler, 506 F.3d 933, 940 (9th Cir.2007). Moreover, where past persecution is shown, it is presumed unreasonable for an applicant to relocate to another part of the proposed country of removal. 8 C.F.R. § 1208.16(b)(3)(h). Despite assuming that Chhetri demonstrated past persecution, the IJ, as affirmed by the BIA, appears not to have applied these presumptions. See Fakhry v. Mukasey, 524 F.3d 1057, 1065 (9th Cir.2008).
Additionally, the record suggests that the IJ improperly failed to shift the burden of proof to the government. By regulation, the government bears the burden of overcoming the presumption against internal relocation by establishing by a preponderance of the evidence that “under all the circumstances it would be reasonable for the applicant to relocate.” 8 C.F.R. § 1208.16(b)(3)(h). Here, the IJ gave no indication that she shifted the burden to the government and instead held that Chhetri had “failed to establish that there is a clear probability that he would be persecuted upon return to his homeland.” Because the IJ erred by failing to shift the burden of proof and apply the relevant presumptions, we remand to the BIA for further proceedings in accordance with our decision. Fakhry, 524 F.3d at 1065.
We deny the portion of Chhetri’s petition for review pertaining to his CAT claim. Although the BIA never made explicit reference to this claim, the BIA’s citation to its decision in Matter of Burba- *716 no, 20 I. & N. Dec. 872, 874 (B.I.A.1994), is sufficient to indicate that it adopted the IJ’s decision on CAT relief. See Abebe v. Gonzales, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). The IJ’s decision was supported by substantial evidence, as nothing in the record compels the conclusion that Chhetri “more likely than not” would be tortured if removed to Nepal. 8 C.F.R. § 208.16(c)(2).
GRANTED IN PART; DENIED IN PART; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment art. 3, opened for signature Dec. 10, 1984, 1465 U.N.T.S. 85.